# LORENZANA, *Appellant,*
## *v.*
# LISTON, *Respondent.*
## (No. 422-379, SC 25490)

592 P2d 202

Larry N. Sokol of Jolles, Sokol & Bernstein, Portland, argued the cause for appellant. With him on the brief was William B. Aitchison, Portland.

Jon A. Schiewe, Portland, argued the cause and filed a brief for respondent.

[501]

Before Denecke, Chief Justice, and Holman, Howell, and Lent, Justices.

HOLMAN, J.

## HOLMAN, J.

Defendant was in the business of installing burglar alarms and installed one for plaintiff. Plaintiff's premises were almost immediately burglarized by persons who avoided the alarm system. Plaintiff brought an action in negligence to recover his loss in the burglary and appealed from a judgment of involuntary non-suit.

The facts are stated in a manner most favorable to plaintiff as is proper when the trial court has granted an involuntary non-suit and refused to submit the case for jury determination. Defendant responded to a telephone call from plaintiff, who was interested in an alarm system to protect his antique shop. Defendant installed a system which would detect anyone entering through a door or window. At one time there had been another entrance at the back of the building which was no longer in use. The burglar or burglars entered the premises by breaking through this former entrance that was unprotected by the system which defendant installed. The door to this entrance had been nailed shut and changes made, which are demonstrated by plaintiff's testimony, as follows:

"Q Tell me how that was walled over inside that area where the break-in occurred. What was done there with the walling over?

"A The inside, I believe it was studs placed in the doorway and then plasterboard over, up against the studs, and then paneling, some type of artificial wood paneling over the plasterboard.

"* * * * *.

"Q Did you have any plans to ever re-use that as a doorway?

"A No.

"Q As far as you were concerned, was it a wall then?

"A Yes, it was."

Plaintiff alleged negligence in the following particulars.

"1. In failing to install the burglar alarm system so as to protect the rear portion of plaintiff's place of business.

"2. In failing to warn the plaintiff that the rear of his store was not protected by the burglar alarm system."

Plaintiff claims the following testimony justifies submission of the case to the jury:

"(1) It was the defendant who knew and decided which doors and which windows would be protected.

"(2) Defendant never suggested that the rear door area should be wired for intruder detection, in fact, defendant and plaintiff never discussed it.

"(3) The plaintiff never was warned of the possible consequences of failing to protect this area.

"(4) Had Mr.Lorenzana [plaintiff] been adequately advised by Mr. Liston [defendant], the 'expert,' he would have spent the additional money to have the necessary devices installed on the rear door."

It is demonstrated by the following testimony of plaintiff that he was aware that the closed former entrance was unprotected:

"Q  Over here on the back is the list of points that were covered. Did you discuss those points with Mr. Liston that day he came out?

"A  The day he came out and the day we signed this?

"Q  Yes, the day you signed it.

"A  Yes, uh-huh.

"Q  Did he point those out to you on the back of it?

"A  Yes, this is a list of the work that he had done. I didn't read it to see in fact each item was installed, but yes, he pointed that out."

It is our conclusion that there was insufficient evidence of defendant's negligence to submit to the jury. Whether the internal construction which closed off the old doorway was adequate protection from unauthorized entry was not a matter within the particular expertise of defendant as an installer of alarms. Plaintiff, as the owner of the premises, was in a position equal to or better than defendant to deter-

[504]

mine whether the hidden construction within the walls was an adequate safeguard from intruders, and since he knew it was unprotected by the alarm system and made no objection, he apparently was satisfied not to have it protected. If he was satisfied, it is difficult to see how defendant could be negligent for assuming that the construction adequately protected the premises from unauthorized entrance at that location.

The judgment for defendant is affirmed.